**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

SEP 24 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-10477 |
| Plaintiff - Appellee, | D.C. No. 3:13-cr-00056-LRH-VPC-1 |
| v. | |
| ROSENDO SALGADO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted September 15, 2015[**]
San Francisco, California

Before: CALLAHAN, CHRISTEN, and FRIEDLAND, Circuit Judges.

A jury convicted Rosendo Salgado of conspiracy to possess

methamphetamine with intent to distribute or to distribute methamphetamine, 21

U.S.C. § 841(a)(1), (b)(1)(A)(viii) and § 846; conspiracy to conduct financial

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

transactions that involved the proceeds of unlawful activity, with the intent to promote that unlawful activity, 18 U.S.C. § 1956(a)(1)(A)(i), (h); and illegal use of a communication facility, 21 U.S.C. § 843(b).   The district court sentenced Salgado to concurrent 235-month and 48-month prison sentences.   Salgado appeals.   We affirm.

Sufficient evidence supports Salgado's conviction under 18 U.S.C. § 1956. Viewing the evidence at trial in the light most favorable to the Government, a rational trier of fact could find that Salgado and his alleged co-conspirators sold drugs and deposited the proceeds from those illegal drug sales into a bank account. *See United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (en banc).

The district court did not plainly err in admitting evidence of drug transactions in which Salgado was not directly involved: it is not "'clear' or, equivalently, 'obvious,'" *United States v. Olano*, 507 U.S. 725, 734 (1993), that admission of this evidence violated Rule 403 or Rule 404(b) of the Federal Rules of Evidence.   Nor did the district court abuse its discretion in overruling Salgado's hearsay objection on this point, because statements concerning these transactions were not admitted "to prove the truth of the matter[s] asserted in the statement[s]." Fed. R. Evid. 801(c)(2).

The district court did not plainly err, under Rule 701 or Rule 702 of the Federal Rules of Evidence, in admitting law enforcement testimony about drug

2

jargon, which was given in both a lay-witness capacity and an expert-witness capacity. *See United States v. Freeman*, 498 F.3d 893, 901-04 (9th Cir. 2007). Nor did the district judge plainly err in failing to sua sponte instruct the jury on the witness's dual role. *See id.* at 904.

The admission of Salgado's co-conspirators statements did not violate the Confrontation Clause. The Confrontation Clause applies only to statements that are, *inter alia*, "[t]estimonial." *Crawford v. Washington*, 541 U.S. 36, 59 (2004). Co-conspirator statements in furtherance of a conspiracy "are not testimonial and therefore [are] beyond the compass of *Crawford's* holding." *United States v. Allen*, 425 F.3d 1231, 1235 (9th Cir. 2005); *see also Crawford*, 541 U.S. at 56 (noting that "statements in furtherance of a conspiracy" are "by their nature . . . not testimonial").

The district court did not clearly err in finding that Salgado "was a leader and an organizer" of the conspiracy, justifying an enhancement under § 3B1.1(c) of the Sentencing Guidelines. *See United States v. Doe*, 778 F.3d 814, 821, 823 (9th Cir. 2015).

"Having found no error in the district court's rulings, there is no cumulative error." *United States v. Romero*, 282 F.3d 683, 690 (9th Cir. 2002).

Any other arguments that Salgado might have intended to make are waived. *See United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made

3

in passing and not supported by citations to the record or to case authority are generally deemed waived.").

**AFFIRMED.**